UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMI AMMARI,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CITY OF NORWALK, *et al.*<br>　　　　　　　Defendants. | Case No. 2:22-cv-01319-SSS-MARx<br><br>**ORDER GRANTING DEFENDANT CITY OF NORWALK'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT [DKT. 40]** |

Before the Court is Defendant City of Norwalk's (the "City") Motion for Summary Judgment or Partial Summary Judgment ("Motion"). [Dkt. 40]. The Motion is fully briefed and ripe for consideration. For the following reasons, the City's Motion is GRANTED.

## I. BACKGROUND[1]

In August of 2020, the City began a project to widen Firestone Boulevard and removed on-street parking. [Dkt. 40-3 at 2, ¶¶4–7]. Starting in October 2020, Plaintiff Sami Ammari began parking his vehicle on Firestone Boulevard in the City of Norwalk. [Dkt. 40-1 at 2, ¶3]; [Dkt. 49-1 at 2, ¶3]; [Dkt. 40-2 at 19, lines 12–16]. Ammari's vehicle is a pink van adorned with an advertisement for a website associated with sex work. [Dkt. 49-2 at 4, Exhibit F]; [Dkt. 40-2 at 27, lines 18–24]. Ammari parked his vehicle in locations marked with signs stating, "no parking," "street sweeping or no stopping at all," and other indicators that parking was prohibited. [Dkt. 40-1 at 3, ¶¶5–7]; [Dkt. 49-1 at 3, ¶¶5–7]; [Dkt. 40-2 at 28–29, lines 17–25, 1–20]. Ammari was issued "between 10 to 12" parking tickets and his vehicle was impounded twice. [Dkt. 40-1 at 3, ¶¶8–9]; [Dkt. 49-1 at 3, ¶¶8–9]; [Dkt. 40-2 at 33, lines 22–25]; [Dkt. 40-2 at 22, lines 11–15].

Ammari believes that the parking signs and other indicators were put in place because he parked in that specific location. [Dkt. 40-1 at 3–4, ¶¶14–15]; [Dkt. 49-1 at 4–5, ¶¶14–15]; [Dkt. 40-2 at 31–32, lines 22–25, 1–5]. Ammari believes that the City issued him citations and towed his vehicle because it did not approve of the signs on his vehicle. [Dkt. 49-1 at 8, ¶28]. Ammari states that he was told "by a few people in the community and by a public works officer" that the parking policy was instituted because of him. [Dkt. 40-2 at 26,

---

[1] The City filed evidentiary objections in response to Ammari's Evidence and Statement of Disputed Facts [Dkt. 52] but none are dispositive to the Court's ruling. The Court therefore declines to rule on the City's objections.

lines 9–24]. Ammari filed two requests to appeal his parking tickets. [Dkt. 40-1 at 4, ¶22]; [Dkt. 49-1 at 7, ¶23]; [Dkt. 40-2 at 33–34, lines 25, 1–4]. The Sheriff's department conducted a post-impound hearing. [Dkt. 40-1 at 6, ¶36]; [Dkt. 49-1 at 11, ¶36]; [Dkt. 40-2 at 43–44, lines 14–25, 1–10]. The City mailed Ammari notice of the parking tickets and his obligation to pay the tickets. [Dkt. 40-1 at 5, ¶24]; [Dkt. 49-1 at 7, ¶24]. Ammari ignored these notifications and did not pay the parking tickets. [Dkt. 40-1 at 5, ¶¶25–27]; [Dkt. 49-1 at 7, ¶¶25–26]. Ammari ignored the parking tickets because he believed the parking tickets were illegal. [Dkt. 40-1 at 5, ¶¶26–27]; [Dkt. 49-1 at 7, ¶¶25–26]; [Dkt. 40-2 at 31, lines 22–24].

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party. *See Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). The substantive law determines which facts are material. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* A dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Under this standard, the moving party has the initial burden of informing the court of the basis for its motion and identifying the portions of the pleadings and the record that it believes demonstrate the absence of an issue of material

fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof at trial, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. *Id.* at 325. Instead, the moving party need only prove there is an absence of evidence to support the nonmoving party's case. *Id.*; *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party sustains its burden, the non-moving party must then show that there is a genuine issue of material fact that must be resolved at trial. *Celotex*, 477 U.S. at 324.

## III. DISCUSSION

The City argues its Motion should be granted because Ammari has failed to show a genuine dispute of material fact that: (1) the City's no parking policy violated Ammari's First Amendment rights; (2) the City deprived Ammari of his constitutional rights; and (3) the City engaged in trespass or conversion. [Dkt. 40 at 11–19]. The City further argues that Ammari is barred from recovering punitive damages and is not entitled to equitable relief. [Dkt. 40 at 19]. Ammari argues that there remain triable issues of fact regarding whether the City engaged in selective and discriminatory enforcement of the parking policy against him. [Dkt. 49 at 7–11].

As an initial matter, Ammari requests that this Court postpone its ruling on the City's Motion to allow Ammari to depose a traffic enforcement officer that cited Ammari on one occasion. [Dkt. 49 at 4]. The Court notes that the discovery deadline was May 26, 2023 and Ammari has failed to show good cause for his request to continue the present Motion and reopen discovery. [Dkt. 34 at 4]. In particular, counsel for Ammari has failed to sufficiently show that the lack of deposition testimony from one of the many traffic enforcement officers that cited Ammari would significantly impact the Court's ruling. Moreover, that counsel for Ammari apparently "overlooked" the discovery deadline and failed to file a motion to amend the civil trial scheduling order

before now does not amount to good cause. See [Dkt. 49-2 at 3]. Accordingly, the Court denies the request.

### A. Claim Pursuant to 42 U.S.C. § 1983

There is no dispute that the City was acting under the color of state law when its officers issued parking tickets to Ammari. Rather, Ammari contends that the City deprived him of: (1) his First Amendment right to engage in expressive speech, [Dkt. 49 at 8], and (2) his Fourteenth Amendment right to Equal Protection, [Dkt. 49 at 8, line 6]. For the following reasons, the Court rejects these arguments.

For a plaintiff to sufficiently prove his § 1983 claim, he must show: (1) that the action occurred under color of state law and (2) the action resulted in the deprivation of the plaintiff's constitutional or federal statutory rights. 42 U.S.C. § 1983; see also *Payne v. City of Los Angeles*, No. 2:17-CV-09044-CAS (KSx), 2023 WL 4370424, at *5 (C.D. Cal. July 3, 2023) (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)). To prove that a defendant violated his First Amendment rights, a plaintiff must establish that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's actions. *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006) (citing *Mendocino Envt'l Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999)); see also *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) ("[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." (internal quotations omitted)). Plaintiff must further establish a causal connection between the defendant's retaliatory actions and the plaintiff's resulting injury. *Nieves*, 139 at 1722; see also *Johnson v. County of San Bernadino*, No. EDCV 18-2523, 2020 WL 5224350, at *15 (C.D. Cal. June 24, 2020) (noting that plaintiff must

"[show] a nexus between the defendant's actions and an intent to chill speech."). Specifically, defendant's retaliatory actions must be the but-for cause of plaintiff's injury. *Colonies Partners LP*, No. EDCV 18-420 JGB (SHKx), 2020 WL 5102160, at *20 (citing *Hartman v. Moore*, 547 U.S. 250, 260 (2006).

Here, Ammari was not engaged in constitutionally protected activity when he chose to repeatedly park in areas clearly marked "no parking." *See* [Dkt. 40-1 at 3, ¶¶5–9]; [Dkt. 49-1 at 3, ¶¶5–9]. There is no constitutional right to park in areas clearly prohibiting parking. Therefore, there is no First Amendment violation. Moreover, Ammari is unable to show that the advertisement on his vehicle was a substantial or motivating factor behind the City's imposition and enforcement of the parking policy. The City's parking policy was part of a larger project to widen Firestone Boulevard. [Dkt. 40-3 at 2, ¶¶4–7]. Despite Ammari's belief that the parking policy was put in place to prevent him from parking on Firestone, he provides little to no evidence to support this belief. [Dkt. 40-1 at 3–4, ¶¶14–15]; [Dkt. 49-1 at 4–5, ¶¶14–15]; [Dkt. 40-2 at 26, lines 9–24]. Accordingly, Ammari is unable to show a First Amendment violation.

For the same reasons, Ammari is unable to support his selective enforcement claim pursuant to the Fourteenth Amendment. "To prevail on an Equal Protection claim under the Fourteenth Amendment, a plaintiff must demonstrate that enforcement had a discriminatory effect and the [defendants] were motivated by a discriminatory purpose." *Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir. 2012). Ammari is unable to show any evidence that the City had a discriminatory purpose in the creation of its parking policy. As previously stated, the City's parking policy was related to its larger street widening project and Ammari has little to no evidence to support his belief that the parking policy was specifically targeted at him. Accordingly, Ammari is unable to show a Fourteenth Amendment violation.

As Ammari's Opposition fails to make any argument regarding Ammari's Due Process claim, the Court considers this argument abandoned. However, even if Ammari had made argument, the Court would still find that Ammari has failed to show a violation of his due process rights as a matter of law. Of the 12 parking tickets Ammari received, he only appealed two. [Dkt. 40-1 at 4, ¶22]; [Dkt. 49-1 at 7, ¶23]; [Dkt. 40-2 at 33–34]. The Sheriff's department conducted a post-impound hearing. [Dkt. 40-1 at 6, ¶36]; [Dkt. 49-1 at 11, ¶36]; [Dkt. 40-2 at 43–44, lines 14–25, 1–10]. As such, Ammari had the opportunity to contest his parking tickets and the impounding of his vehicle. Therefore, Ammari's due process rights were not violated. Further, because Ammari is unable to show a First or Fourteenth Amendment violation, Ammari is unable to show a § 1983 claim as a matter of law.

### B. State law claims for trespass and conversion

For a plaintiff to sufficiently prove trespass, he must show: (1) ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry on the property; (3) lack of permission to enter the property or acts in excess of the permission; (4) actual harm; and (5) the defendant's conduct as a substantial factor in causing the harm. *Williams v. Santander Bank*, No: CV 15-04188 SJO (RAOx), 2015 WL 4484202, at *3 (C.D. Cal. July 22, 2015) (citing *Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8*, 186 Cal. App. 4th 1078, 1085 (2010), *reversed on other grounds by* 55 Cal. 4th 1083 (2012)). To prove conversion, the plaintiff must show: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. *Id*. (citing *Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 208 (2014)).

Ammari appears to abandon these claims in his Opposition, however, the Court still finds that Ammari is unable to show a trespass or conversion claim as a matter of law. *Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 208 (2014)).

As an initial matter, state law tort claims against state actors are subject to the claim presentation requirement of the Government Claims Act ("GCA"). *Tat v. State*, No. CV 22-08570-MCS (DFM), 2023 WL 4291830, at *7 (C.D. Cal. Jan. 25, 2023) (citing Cal. Gov. Code §§§ 905, 945.4, & 950.2); *see also Munoz v. State of California*, 33 Cal. App. 4th 1767, 1776 (1995)("Government Code section 911.2 requires the claim relating to a cause of action for death or for injury to person or to personal property be presented not later than six months after the accrual of the cause of action."). There is no evidence that Ammari filed a Government Code claim against the City. Therefore, Ammari is unable to establish a trespass or conversion claim.

Even if Ammari had made a Government Code claim, the Court would still find that he is unable to establish a trespass or conversion claim as a matter of law. Pursuant to California Motor Vehicle Code § 22852, the City had the authority to tow and impound vehicles for violating parking policies. Accordingly, Ammari is unable to show the elements of trespass or conversion as a matter of law.

## IV.  CONCLUSION

Because Ammari is unable to show that there are genuine issues of material fact regarding his § 1983, trespass, and conversion claims, the City's Motion for Summary Judgment [Dkt. 40] is **GRANTED**. Accordingly, Ammari's claims against the City of Norwalk are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

Dated: August 3, 2023

_____
SUNSHINE S. SYKES
United States District Judge